LOZEAU DRURY LLP
Michael R. Lozeau (SBN 142893)
Douglas J. Chermak (SBN 233382)
doug@lozeaudrury.com
1939 Harrison Street, Suite 150
Oakland, CA 94612
(510) 836-4200; (510) 836-4205 (Fax)

Attorneys for Plaintiff
CENTER FOR BIOLOGICAL DIVERSITY

*Plaintiff's Additional Counsel Listed On Next Page*

NEWMEYER & DILLION LLP
John Van Vlear (SBN 132098)
John.VanVlear@ndlf.com
Jason Moberly Caruso (SBN 287809)
Jason.Caruso@ndlf.com
895 Dove Street, 5th Floor
Newport Beach, CA 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Defendant
REHRIG PACIFIC COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REHRIG PACIFIC COMPANY, a corporation,<br><br>Defendant. | Case No. CV 18- 08721-AB (RAOx)<br><br>**[~~PROPOSED~~] CONSENT DECREE**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq*.)** |

CENTER FOR BIOLOGICAL DIVERSITY
Emily Jeffers (State Bar No. 274222)
ejeffers@biologicaldiversity.org
1212 Broadway, Suite 800
Oakland, CA 94612
(510) 844-7100; (510) 844-7150 (Fax)

# CONSENT DECREE

The following Consent Decree is entered into by and between Plaintiff Center for Biological Diversity ("Plaintiff" or "the Center") and Defendant Rehrig Pacific Company ("Defendant" or "Rehrig"). The entities entering into this Consent Decree are each an individual "Settling Party" and collectively the "Settling Parties."

**WHEREAS**, the Center is a 501(c)(3) non-profit public benefit corporation organized under the laws of the State of California (Rehrig takes no position as to and makes no admission on this point);

**WHEREAS**, the Center is dedicated to the preservation of biodiversity, native species, and ecosystems (Rehrig takes no position as to and makes no admission on this point);

**WHEREAS**, Rehrig is the owner and operator of a facility manufacturing plastic reusable transport packaging, located at 4010 26th Street in Los Angeles, California, hereinafter referred to by the Settling Parties as the "Facility";

**WHEREAS**, the Center has approximately 3,000 members who live and/or recreate in and around the Los Angeles area waterbodies receiving discharges from the Facility, including the Los Angeles River and the Pacific Ocean (Rehrig takes no position as to and makes no admission on this point);

**WHEREAS**, storm water discharges associated with industrial activity at the Facility are regulated pursuant to the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 92-12-DWQ (as amended by Water Quality Order

97-03-DWQ and as subsequently amended by Water Quality Order No. 2014-0057-DWQ) (hereinafter the "Permit"), issued pursuant to Section 402 of the Federal Water Pollution Control Act ("Clean Water Act" or "the Act"), 33 U.S.C. §§ 1251 *et seq.*;

WHEREAS, the Permit includes the following requirements for all permittees, including Rehrig: 1) develop and implement a storm water pollution prevention plan ("SWPPP"); 2) control pollutant discharges using best available technology economically achievable ("BAT") and best conventional pollutant control technology ("BCT") to prevent or reduce pollutants; 3) implement BAT and BCT through the development and application of Best Management Practices ("BMPs"), which must be included and updated in the SWPPP; 4) when necessary, implement additional BMPs to prevent or reduce any pollutants that are causing or contributing to any exceedance of water quality standards; 5) eliminate unauthorized non-storm water discharges ("NSWD"); 6) conduct monitoring, including visual observations and analytical storm water monitoring for indicator parameters; 6) compare results to applicable numeric action levels ("NALs"); 7) perform the appropriate Exceedance Response Action ("ERAs") when there are exceedances of NALs; and, 8) certify and submit all permit related documents via the Storm Water Multiple Application and Report Tracking System ("SMARTS");

WHEREAS, on June 7, 2018, the Center served Rehrig, the Administrator of the United States Environmental Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Board"), the Executive Officer of the Los Angeles Regional Water Quality Control Board ("Regional Board"), the U.S.

Attorney General, and the Regional Administrator of the EPA (Region 9) with a notice of intent to file suit under Sections 505(a)(1) and (f) of the Clean Water Act, 33 U.S.C. § 1365(b)(1)(A) ("60-Day Notice letter"), alleging violations of the Act and the Permit at the Facility (Rehrig takes no position as to and makes no admission on this point);

WHEREAS, on October 10, 2018, the Center filed a complaint against Rehrig in the United States District Court, Central District Court of California, entitled *Center for Biological Diversity v. Rehrig Pacific Company* (Case No. 2:18-cv-08721-AB-RAO); alleging violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and violations of the Permit at the Facility ("Complaint") based on the 60-Day Notice letter;

WHEREAS, the Center contends in its 60-Day Notice letter and Complaint that, among other things, Rehrig has repeatedly discharged polluted storm water in violation of the Permit and the Clean Water Act;

WHEREAS, Rehrig denies all allegations set forth in the 60-Day Notice letter and Complaint relating to the Facility, and maintains that it is a long-standing, family-owned business of excellent reputation, and maintains that it has at all times complied with the Permit and all applicable federal, state, and local laws, rules, and regulations;

WHEREAS, the Settling Parties, through their authorized representatives and without either adjudication of the Center's claims or any admission by Rehrig of any alleged violation or other wrongdoing, choose to resolve in full the Center's allegations in the 60-Day Notice letter and Complaint through settlement and avoid

the cost and uncertainties of further litigation;

**WHEREAS**, all actions taken by Defendant pursuant to this Consent Decree shall be made in compliance with all applicable federal and state laws and local rules and regulations;

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES, AND ORDERED AND DECREED BY THE COURT, AS FOLLOWS:**

1.      The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(l)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A);

2.      Venue is appropriate in the Central District of California pursuant to Section 505(c)(l) of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because the Facility at which the alleged violations took place is located within this District;

3.      The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

**I.      OBJECTIVES**

4.      It is the express purpose of the Settling Parties entering into this Consent Decree to further the objectives set forth in the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.,* and to resolve those issues alleged by the Center in its Complaint.  In light of these objectives and as set forth fully below, Rehrig agrees to comply with the provisions of this Consent Decree and to continue to comply with the requirements of

the Permit and all applicable provisions of the Clean Water Act at the Facility.

## II.    <u>COMMITMENTS OF REHRIG</u>

5.     Rehrig shall implement or shall have implemented appropriate structural and non-structural BMPs, as required by the Permit, as described more fully below.

6.     **Maintenance of Implemented Storm Water Controls.** Rehrig agrees that the Facility shall maintain in good working order all storm water collection and management systems currently installed or to be installed pursuant to this Consent Decree, including but not limited to, existing housekeeping measures.

7.     **Structural Improvements to Storm Water Management Measures at the Facility.** Rehrig has implemented the following structural improvements to the storm water management measures at the Facility.

### <u>Outfall #1 Drainage Area</u>

a.     At Outfall #1, Rehrig has extended the length of the screen, and has added a new, wider, and more durable mesh screen to the exterior wall. This screen will continue to be maintained by caulking as well as inspected for integrity and documented weekly and during/prior to rain events, as part of Rehrig's existing, ongoing inspection processes.

### <u>Outfall #2 Drainage Area</u>

b.     Rehrig has extended the berm around the silos on the west side of building 4010 and installed a new berm around the silos on the north side of building 4044 to allow for more efficient cleanup for housekeeping personnel. The berms are six inches wide and between four and twelve inches in height. The berms serve to

contain any errant plastics from the silo areas.

   c.   Rehrig shall continue to maintain all chemical storage utilized at the cooling towers and potentially exposed to storm water as specified in the Permit, Section X.H.d.

   d.   Rehrig has installed additional secondary containment platforms for the enclosed industrial material containers located at the cooling tower. The chemicals in these containers are and will continue to be transferred under cover via a closed system to other Rehrig Facility process areas, and are not exposed to storm water.

**Outfall #3 Drainage Area**

   e.   Rehrig has replaced the Outfall #3 screen with a new, wider, and more durable screen both on the outside of the wall, while the interior "box" screen to retain errant plastics remains in place. Both sets of screens will continue to be maintained by caulking as well as inspected for integrity and documented weekly and during/prior to rain events, as part of Rehrig's existing, ongoing inspection processes.

**Outfall #4 Drainage Area**

   f.   Rehrig has keyed both inner Outfall #4 screens below the surface of the concrete, and both inner screens are tightly seated in the channels created.

   g.   Rehrig has replaced the Outfall #4 screen with a wider screen both on the outside of the wall. Both sets of screens will continue to be maintained by caulking as well as inspected for integrity and documented weekly and during/prior to rain events, as part of Rehrig's existing, ongoing inspection processes.

/ / /

**Municipal Storm Water Inlet along South Indiana Street**

        h.      Rehrig has installed a berm along the length of the railroad spur in the southwestern portion of the Facility. The berm is three to four inches high and serves to direct storm water runoff directly into the catch basins strategically installed along the length of the asphalt area.

       8.     **Improvements to Housekeeping Measures at the Facility.** Within thirty (30) days of the Effective Date, Rehrig shall implement or shall have implemented the following improvements to housekeeping measures at the Facility:

        a.      Rehrig has painted black the silo area where trucks unload plastics to the silos for better visibility of errant plastics that may occur during the unloading process.

        b.      To allow flash to fall directly into a containment instead of onto the warehouse floor around the equipment, Rehrig has installed a flash containment table to be used for products that must be trimmed. Flash is only trimmed in an enclosed area.

        c.      To prevent any accidental spills from within the warehouse from leaking or being blown outside, Rehrig has installed, repaired, and/or replaced angle iron barriers at all the loading docks.

        d.      Rehrig has instructed three employees to perform cleaning shifts, twice per day, seven days per week during operations. All areas of the facility and around the Facility will be addressed during the cleaning shifts. The employees will

vacuum and sweep the entire Facility which includes but is not limited to outfalls, silos, ramps, and dock areas. To vacuum, the employees shall use Makita sweepers or a comparable implement.

e.      To prevent errant materials from falling onto the floor and being picked up by shoes and tires and subsequently carried outdoors, Rehrig has replaced older model blenders at the Facility with AB blenders, which conceal materials within a glass enclosure. Rehrig plans to continue to replace older model blenders with AB blenders as circumstances reasonably permit.

9. **Additional Facility Improvements.**

a.      Rehrig has performed or shall perform the following improvements to enhance storm water management at the Facility.

b.      Rehrig has painted the wall under the spout protruding from the side of the Office Building. Rehrig shall continue visual monitoring of the area to determine potential pollutant contribution, from the spout.

c.      Rehrig has re-routed the air conditioning unit piping on the west wall of the Office Building into the closest restroom's drain.

10.    **Confirmation of Facility Improvements.** Rehrig has provided the Center digital photographs confirming said improvements, in satisfaction of that condition of the Center's execution of this Consent Decree. The Center has had five (5) days to raise material concerns regarding the photographs and the improvements depicted therein. Having raised no such concerns during the 5-day period, the Center has no objection to the filing and entry of this Consent Decree.

11.    **Amendment of SWPPP.** Within thirty (30) days of the Effective Date,

Rehrig shall amend the Facility's SWPPP to incorporate all changes, improvements, and best management practices set forth in or resulting from this Consent Decree. Rehrig shall ensure that all maps, tables, and text comply with the requirements of the Permit.

Rehrig shall revise the SWPPP as needed to describe all structural and non-structural BMPs, details of the measures to be installed, and discuss why such BMPs should be effective in addressing the pollutant sources at the Facility. In addition, the SWPPP shall indicate that potential pollutants from the Water/Oil Automation Area include pH altering substances.

A copy of the amended SWPPP shall be provided to the Center within ten (10) business days of completion.

12. **Additional and Ongoing Revisions to SWPPP.** Rehrig shall revise the SWPPP, including the Monitoring Implementation Plan ("MIP"), pursuant to the Permit, including if there are any changes in Rehrig's Facility's operations that may affect the quality of storm water discharges, including but not limited to changes to storm water discharge point(s)/sample location(s) or changes or additions to the BMPs resulting from an Action Plan, or the reduction of discharge points.

13. **Document Provision.** During the term of this Consent Decree, Rehrig shall copy the Center on all documents and communications related to water quality at the Facility that are submitted to the Regional Board, the State Board, and/or any state or local agency or municipality. Such reports and documents shall be provided to the Center concurrently as they are sent to the agencies and/or municipalities. If such

documents and/or communication are provided via upload to the State Board's Stormwater Multiple Application and Report Tracking System ("SMARTS"), then Rehrig may satisfy this requirement by providing the Center with e-mail notification of said upload. Any correspondence related to water quality received by Rehrig from any state or local agency or municipality shall be provided to the Center within five (5) business days of receipt by Rehrig. This Consent Decree shall not require disclosure of any information or documents subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable statutory or common-law privilege or privacy protection, including but not limited to trade secrets, trademarks, patent protections, etc.

### III. MITIGATION, REIMBURSEMENT OF LITIGATION FEES AND COSTS, OVERSIGHT, AND STIPULATED PAYMENTS

14. **Mitigation Payment**. In recognition of the good faith efforts by Rehrig to comply with all aspects of the Permit and the Clean Water Act at the Facility, and in lieu of payment by Rehrig of any penalties, which may have been assessed in this action if it had been adjudicated adverse to Rehrig, the Parties agree that Rehrig will pay the sum of ten thousand dollars ($10,000) to the Surfrider Foundation for the sole purpose of providing grants to environmentally beneficial projects in Los Angeles County relating to the reduction of plastics in surface waters. Payment shall be provided to the Surfrider Foundation as follows: Surfrider Foundation, Attn: Angela Howe, P.O. Box 73550, San Clemente, CA 92673. Payment shall be made by Rehrig to the Surfrider Foundation within fifteen (15) calendar days of the Effective Date. Rehrig shall copy the Center with any correspondence and a copy of the check sent to

the Surfrider Foundation.  The Surfrider Foundation shall provide notice to the Parties

within thirty (30) days of when the funds are disbursed by the Surfrider Foundation,

setting forth the recipient and purpose of the funds.

15. **Reimbursement of Fees and Costs.** Rehrig shall reimburse the Center

in the amount of ninety thousand dollars ($90,000) to help defray the Center's

reasonable investigation, expert, and attorneys' fees and costs, and all other

reasonable costs incurred as a result of investigating the activities at the Facility

related to this Consent Decree, bringing these matters to Rehrig's attention, and

negotiating a resolution of this action in the public interest.  Rehrig shall tender said

payment to the Center's counsel by check payable to "Center for Biological

Diversity", within fifteen (15) days of the Effective Date.

## IV.  COMMITMENTS OF THE CENTER

16. **Submission of Consent Decree to DOJ.** Within three (3) business days

of receiving all of the Parties' signatures to this Consent Decree, the Center shall

submit this Consent Decree to the U.S. Department of Justice ("DOJ") and EPA for

agency review consistent with 40 C.F.R. §135.5.  The agency review period expires

forty-five (45) calendar days after receipt by the DOJ, evidenced by correspondence

from DOJ establishing the review period.  If for any reason the DOJ or the District

Court should decline to approve this Consent Decree in the form presented, the Parties

shall use their best efforts to work together to modify the Consent Decree within thirty

(30) days so that it is acceptable to the DOJ or the District Court.  If the Parties are

unable to modify this Consent Decree in a mutually acceptable manner that is also

acceptable to the District Court, this Consent Decree shall immediately be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

## VI.    WAIVER, RELEASES AND COVENANTS NOT TO SUE

17.    In consideration of the above, and except as otherwise provided by this Consent Decree, the Parties hereby forever and fully release each other and their respective parents, affiliates, subsidiaries, divisions, insurers, successors, assigns, and current and former employees, attorneys, officers, directors and agents from any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, actions or causes of action, either at law or in equity, which the Parties have against each other arising from the Center's allegations and claims as set forth in the 60-Day Notice Letter and Complaint for storm water pollution discharges at the Facility up to and including the Termination Date of this Consent Decree.

18.    The Parties acknowledge that they are familiar with section 1542 of the California Civil Code, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties hereby waive and relinquish any rights or benefits they may have under California Civil Code section 1542 with respect to any other claims against each other arising from, or related to, the allegations and claims as set forth in the 60-Day Notice Letter and Complaint for storm water pollution discharges at the Facility up to and

including the Termination Date of this Consent Decree.

19. **No Admission.** The Parties enter into this Consent Decree for the purpose of avoiding prolonged and costly litigation. Nothing in this Consent Decree shall be construed as, and Rehrig expressly does not intend to imply, any admission as to any fact, finding, issue of law, or violation of law, nor shall compliance with this Consent Decree constitute or be construed as an admission by Rehrig of any fact, finding, conclusion, issue of law, or violation of law. However, this Paragraph shall not diminish or otherwise affect the obligation, responsibilities, and duties of the Parties under this Consent Decree.

20. Nothing in this Consent Decree limits or otherwise affects Plaintiff's right to address or take any position that it deems necessary or appropriate in any formal or informal proceeding before the Regional Board, EPA, or any other judicial or administrative body on any matter relating to the Facility after the Consent Decree's Termination Date.

## VII.  BREACH OF CONSENT DECREE AND DISPUTE RESOLUTION PROCEDURES

21. **Dispute Resolution.** If a dispute under this Consent Decree arises, or either Party believes that a breach of this Consent Decree has occurred, the Parties shall schedule a meet and confer within ten (10) business days of receiving written notification from the other Party of a request for a meeting to determine whether a violation of this Consent Decree has occurred and to develop a mutually agreed upon plan, including implementation dates, to resolve the dispute. In the event that such disputes cannot be resolved through this meet and confer process, the Parties agree to

request a settlement meeting before the Magistrate Judge assigned to this action. The Parties agree to file any waivers necessary for the Magistrate Judge to preside over any settlement conference pursuant to this Paragraph. In the event that the Parties cannot resolve the dispute by the conclusion of the settlement meeting with the Magistrate Judge, the Parties agree to submit the dispute via motion to the District Court. In resolving any dispute arising from this Consent Decree, the Court shall have discretion to award attorneys' fees and costs to either party. The relevant provisions of the then-applicable Clean Water Act and Rule 11 of the Federal Rules of Civil Procedure shall govern the allocation of fees and costs in connection with the resolution of any disputes before the District Court. The District Court shall award relief limited to compliance orders and awards of attorneys' fees and costs, subject to proof.

22. **Force Majeure**. Rehrig will notify the Center if timely implementation of Rehrig's respective duties under this Consent Decree becomes impossible due to circumstances beyond the control of Rehrig or its agents and which could not have been reasonably foreseen and prevented by the respective Rehrig's exercise of due diligence. Any delays due to the Rehrig's failure to exercise diligent efforts to comply with the terms of this Consent Decree will not, in any event, be considered to be circumstances beyond Rehrig's control. Financial inability will not, in any event, be considered to be circumstances beyond the Rehrig's control.

a. If Rehrig claims impossibility, it will notify the Center in writing within twenty (20) days of the date that Rehrig discovers the event or circumstance

that caused or would cause non-performance with the terms of this Consent Decree. The notice must describe the reason for the non-performance and specifically refer to this section of this Consent Decree. The notice must describe the anticipated length of time the non-performance may persist, the cause or causes of the non-performance, the measures taken or to be taken by Rehrig to prevent or minimize the non-performance, the schedule by which the measures will be implemented, and the anticipated date of compliance. Rehrig will adopt reasonable measures to avoid and minimize such non-performance.

b.      The Settling Parties will meet and confer in good faith concerning the non-performance and, if the Settling Parties concur that performance was or is impossible, despite the timely good faith efforts of Rehrig, due to circumstances beyond the control of Rehrig that could not have been reasonably foreseen and prevented by the exercise of due diligence by Rehrig, new performance deadlines will be established.

c.      If the Center disagrees with Rehrig's notice, or in the event that the Settling Parties cannot timely agree on the terms of new performance deadlines or requirements, either Settling Party may invoke the dispute resolution process described in Paragraph 21 of this Consent Decree. In such proceeding, Rehrig will bear the burden of proving that any delay in performance of any requirement of this Consent Decree was caused or will be caused by force majeure and the extent of any delay attributable to such circumstances.

## VIII.  **MISCELLANEOUS PROVISIONS**

23.    **Effective Date.**  The Effective Date of this Consent Decree shall be upon the subsequent entry of the Consent Decree by the Court.

24.    **Term of Consent Decree.**   This Consent Decree shall terminate on September 1, 2020, or through the conclusion of any proceeding to enforce this Consent Decree initiated prior to September 1, 2020, or until the completion of any payment or affirmative duty required by this Consent Decree, whichever is the later occurrence.

25.    **Execution in Counterparts.**  The Consent Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document.

26.    **Facsimile/Electronic Signatures.**  The Parties' signatures to this Consent Decree transmitted by facsimile or electronic mail transmission shall be deemed binding.

27.    **Construction.**  The language in all parts of this Consent Decree, unless otherwise stated, shall be construed according to its plain and ordinary meaning.  The captions and paragraph headings used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

28.    **Authority to Sign.**  The undersigned are authorized to execute this Consent Decree on behalf of their respective parties and have read, understood and agreed to all of the terms and conditions of this Consent Decree.

29.    **Integrated Consent Decree.**  All Consent Decrees, covenants, representations and warranties, express or implied, oral or written, of the Parties

concerning the subject matter of this Consent Decree are contained herein.

30. **Severability.** In the event that any of the provisions of this Consent Decree are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

31. **Choice of Law.** This Consent Decree shall be governed by the laws of the United States, and where applicable, the laws of the State of California.

32. **Full Settlement.** This Consent Decree constitutes a full and final settlement of this matter. It is expressly understood and agreed that the Consent Decree has been freely and voluntarily entered into by the Parties with and upon advice of counsel.

33. **Negotiated Consent Decree.** The Parties have negotiated this Consent Decree, and agree that it shall not be construed against the party preparing it, but shall be construed as if the Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

34. **Modification of the Consent Decree.** This Consent Decree, and any provisions herein, may not be changed, waived, or discharged unless by a written instrument signed by the Parties.

35. **Assignment.** Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Parties, and their successors and assigns.

36. **Mailing of Documents to the Center/Notices/Correspondence.** Any

notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to the Center pursuant to this Consent Decree shall be, to the extent feasible, sent via electronic mail transmission to the e-mail addresses listed below or, if electronic mail transmission is not feasible, via certified U.S. Mail with return receipt, or by hand delivery to the following address:

Center for Biological Diversity:

Emily Jeffers
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
E-mail: ejffers@biologicaldiversity.org

With copies sent to:

Douglas Chermak
Lozeau Drury LLP
1939 Harrison Street, Suite 150
Oakland, CA 94612
E-mail: doug@lozeaudrury.com

Unless requested otherwise by Rehrig, any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to Rehrig pursuant to this Consent Decree shall, to the extent feasible, be provided by electronic mail transmission to the e-mail addresses listed below, or, if electronic mail transmission is not feasible, by certified U.S. Mail with return receipt, or by hand delivery to the addresses below:

Rehrig Pacific Company:

Will Rehrig

4010 E. 26th Street
Vernon, California 90058

With copies sent to:

John Van Vlear
Newmeyer & Dillion LLP
895 Dove Street, 5th Floor
Newport Beach, CA 92660
E-mail: john.vanvlear@ndlf.com

Notifications of communications shall be deemed submitted on the date that they are emailed, or postmarked and sent by first-class mail or deposited with an overnight mail/delivery service. Any changes of address or addressees shall be communicated in the manner described above for giving notices.

37.  The settling Parties hereto enter into this Consent Decree, Order and Final Judgment and submit it to the Court for its approval and entry as a final judgment.

CENTER FOR BIOLOGICAL DIVERSITY

Date: January 31, 2020

Emily Jeffers
Staff Attorney
Center for Biological Diversity

REHRIG PACIFIC COMPANY

Date: JANUARY 31 , 2020

Will Rehrig
President
Rehrig Pacific Company

Approved as to form:

LOZEAU DRURY LLP

Date: Jan. 31 , 2020

Michael R. Lozeau
Attorneys for Center for Biological Diversity

NEWMEYER & DILLION LLP

Date: February 5 , 2020

John Van Vlear
Attorney for Rehrig Pacific Company

**IT IS SO ORDERED.**

Date: April 3, 2020

Honorable André Birotte Jr.
United States District Judge
Central District of California

LOZEAU DRURY LLP
Michael R. Lozeau (SBN 142893)
Douglas J. Chermak (SBN 233382)
doug@lozeaudrury.com
1939 Harrison Street, Suite 150
Oakland, CA 94612
(510) 836-4200; (510) 836-4205 (Fax)

Attorneys for Plaintiff
CENTER FOR BIOLOGICAL DIVERSITY

*Plaintiff's Additional Counsel Listed On Next Page*

NEWMEYER & DILLION LLP
John Van Vlear (SBN 132098)
John.VanVlear@ndlf.com
Jason Moberly Caruso (SBN 287809)
Jason.Caruso@ndlf.com
895 Dove Street, 5th Floor
Newport Beach, CA 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Defendant
REHRIG PACIFIC COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>REHRIG PACIFIC COMPANY, a corporation,<br><br>Defendant. | Case No. CV 18- 08721-AB (RAOx)<br><br>**[~~PROPOSED~~] CONSENT DECREE AMENDMENT**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq*.)** |

CENTER FOR BIOLOGICAL DIVERSITY
Emily Jeffers (State Bar No. 274222)
ejeffers@biologicaldiversity.org
1212 Broadway, Suite 800
Oakland, CA 94612
(510) 844-7100; (510) 844-7150 (Fax)

# CONSENT DECREE AMENDMENT

The following Consent Decree Amendment is entered into by and between Plaintiff Center for Biological Diversity ("Plaintiff" or "the Center") and Defendant Rehrig Pacific Company ("Defendant" or "Rehrig"). The entities entering into this Consent Decree are each an individual "Settling Party" and collectively the "Settling Parties."

**WHEREAS**, the Settling Parties entered into a Consent Decree on January 31, 2020.

**WHEREAS**, the Settling Parties subsequently realized that the Consent Decree contained an error with respect to the description of the recipient of the Mitigation Payment pursuant to Paragraph 14.

**WHEREAS**, the Settling Parties now seek to amend the Consent Decree pursuant to Paragraph 34 to modify Paragraph 14.

NOW THEREFORE, with the consent of the Parties to this Consent Decree, it is ORDERED, ADJUDGED AND DECREED that the Consent Decree be amended as follows:

Paragraph 14 is hereby deleted in its entirety and replaced with the following language[1]:

14. **Mitigation Payment**. In recognition of the good faith efforts by Rehrig to comply with all aspects of the Permit and the Clean Water Act at the Facility, and in lieu of payment by Rehrig of any penalties, which may have been assessed in this

---

[1] The modified phrase is bolded below for clarity.

action if it had been adjudicated adverse to Rehrig, the Parties agree that Rehrig will pay the sum of ten thousand dollars ($10,000) to the Surfrider Foundation **for environmentally beneficial projects in Los Angeles County relating to the reduction of plastics in surface waters**. Payment shall be provided to the Surfrider Foundation as follows: Surfrider Foundation, Attn: Angela Howe, P.O. Box 73550, San Clemente, CA 92673. Payment shall be made by Rehrig to the Surfrider Foundation within fifteen (15) calendar days of the Effective Date. Rehrig shall copy the Center with any correspondence and a copy of the check sent to the Surfrider Foundation. The Surfrider Foundation shall provide notice to the Parties within thirty (30) days of when the funds are disbursed by the Surfrider Foundation, setting forth the recipient and purpose of the funds.

**SO AGREED AND STIPULATED:**

Date: _____          CENTER FOR BIOLOGICAL DIVERSITY

                             _____
                             Emily Jeffers
                             Staff Attorney
                             Center for Biological Diversity


Date: _February 27, 2020_          REHRIG PACIFIC COMPANY


                             _____
                             Will Rehrig
                             President
                             Rehrig Pacific Company

action if it had been adjudicated adverse to Rehrig, the Parties agree that Rehrig will pay the sum of ten thousand dollars ($10,000) to the Surfrider Foundation **for environmentally beneficial projects in Los Angeles County relating to the reduction of plastics in surface waters**. Payment shall be provided to the Surfrider Foundation as follows: Surfrider Foundation, Attn: Angela Howe, P.O. Box 73550, San Clemente, CA 92673. Payment shall be made by Rehrig to the Surfrider Foundation within fifteen (15) calendar days of the Effective Date. Rehrig shall copy the Center with any correspondence and a copy of the check sent to the Surfrider Foundation. The Surfrider Foundation shall provide notice to the Parties within thirty (30) days of when the funds are disbursed by the Surfrider Foundation, setting forth the recipient and purpose of the funds.

**SO AGREED AND STIPULATED:**

Date: 2/28/20            CENTER FOR BIOLOGICAL DIVERSITY

Emily Jeffers
Staff Attorney
Center for Biological Diversity

Date: _____            REHRIG PACIFIC COMPANY

Will Rehrig
President
Rehrig Pacific Company

APPROVED AS TO FORM:

Date: _____            LOZEAU DRURY LLP

                             _____
                             Michael R. Lozeau
                             Attorneys for Center for Biological Diversity

Date: 2/28/20                NEWMEYER & DILLION LLP

                             _____
                             John Van Vlear
                             Attorney for Rehrig Pacific Company

APPROVED AS TO FORM:

Date: 2/25/2020                    LOZEAU DRURY LLP

                                   _____
                                   Michael R. Lozeau
                                   Attorneys for Center for Biological Diversity

Date: _____              NEWMEYER & DILLION LLP

                                   _____
                                   John Van Vlear
                                   Attorney for Rehrig Pacific Company

**IT IS SO ORDERED.**

Date: April 3, 2020                _____
                                   Honorable André Birotte Jr.
                                   United States District Judge
                                   Central District of California